Case 1:21-cv-00123 Document 31 Filed on 08/04/22 in TXSD Page 1 of 1

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANSELMO ESPITIA, *et al.*, § § Plaintiffs, § § VS. § ISLAMIC REPUBLIC OF IRAN, § § Defendant. § | CIVIL ACTION NO. 1:21-CV-123 |

## FINAL JUDGMENT

In accordance with the Court's Order and Opinion (Doc. 20) granting Plaintiffs Anselmo Espitia, his minor and custodial children M.E. and J.E., Ninfa Espitia, and Breanna Espitia's Motion for Default Judgment, Final Judgment is entered in favor of Plaintiffs as to all of their causes of action against Defendant Islamic Republic of Iran. Accordingly, it is:

**ORDERED** that Plaintiff Anselmo Espitia shall recover $5 million in compensatory damages and $25 million in punitive damages on his cause of action pursuant to the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A; and

**ORDERED** that this Final Judgment shall bear post-judgment interest at the statutory rate of 2.94% per annum from June 16, 2022, until it is paid in full, for all of which execution shall issue.[1]

All other relief not expressly granted is denied.

Each party shall be responsible for its own fees and costs.[2]

The Clerk of Court is directed to close this matter.

Signed on August 4, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge

---

[1] *See* 28 U.S.C. § 1961. "An award of post-judgment interest under this statute is mandatory, not discretionary." *Selig v. Islamic Republic of Iran*, No. 1:19-CV-02889-TNM, 2021 WL 5446870, at *26 (D.D.C. Nov. 22, 2021) (internal citations omitted).

[2] The Court in its discretion declines to award pre-judgment interest. *See, e.g., Oldham v. Korean Air Lines Co.*, 127 F.3d 43, 54 (D.C. Cir. 1997) (quoting *Motion Picture Ass'n of Amer. v. Oman*, 969 F.2d 1154, 1157 (D.C. Cir. 1992)) (explaining that the decision whether to award prejudgment interest rests within the "discretion of the court [subject to] equitable considerations").